UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON

CASE NO.: 25-cv-25002-FAM

JAMES JOSEPH BROWN,

    *Plaintiff*,

vs.

NCL (BAHAMAS) LTD,

    *Defendant*.

_____/

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, NCL (Bahamas) Ltd. ("NCL"), hereby serves its Answer and Affirmative Defenses to Plaintiff's Complaint.

## **JURISDICTION, VENUE AND PARTIES**

1. Admitted only that Plaintiff alleges damages in excess of $75,000. Denied as to Plaintiff's entitlement to the amount alleged.

2. Admitted on information and belief, including information furnished by Plaintiff.

3. Admitted for purposes of jurisdiction and for this litigation only.

4. Admitted that Plaintiff has alleged sufficient facts to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332.

5. Admitted for this litigation only that NCL is subject to the jurisdiction of this Court and that that venue is proper.

6. Admitted for this litigation only.

7. Admitted that venue is proper in this Court.

8. Admitted that venue is proper in this Court.

1

9.  Admitted that Plaintiff gave timely written notice of his claim.

## **LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS**

10. Admitted only that NCL operated the *Norwegian Jade* on the date of the alleged incident.

11. Admitted only that NCL operated the *Norwegian Jade* on the date of the alleged incident.

12. Admitted that Plaintiff was a fare paying passenger aboard the *Norwegian Jade* on November 2, 2024.

13. Admitted only that Plaintiff reported an incident aboard the *Norwegian Jade* on November 2, 2024. The remainder of the allegations are denied.

14. NCL denies that a dangerous condition existed and that it had any knowledge of the condition Plaintiff alleges.

15. Denied, including subparagraphs a) through h). The alleged incidents described in subparagraphs a) through h) are in no way similar to Plaintiff's alleged incident.

16. Denied.

## **COUNT I- NEGLIGENT MAINTENANCE**

17. NCL adopts and re-alleges its responses to Paragraphs 1 through 16 as if fully set forth herein.

18. Admitted that Plaintiff was a fare-paying passenger aboard the *Norwegian Jade*. The remainder of the allegations are denied as an incomplete statement of law.

19. NCL denies that a dangerous condition existed and that it had any knowledge of the condition Plaintiff alleges.

20. NCL denies that a dangerous condition existed and that it had any knowledge of the condition Plaintiff alleges.

21. NCL denies that a dangerous condition existed and that it had any knowledge of the condition Plaintiff alleges.

22. NCL denies that a dangerous condition existed and that it had any knowledge of the condition Plaintiff alleges.

23. Denied.

24. NCL denies that a dangerous condition existed and that it had any knowledge of the condition Plaintiff alleges.

25. Denied, including subparagraphs a) through f).

26. Denied.

NCL denies that Plaintiff is entitled to any damages and demands strict proof thereof.

## COUNT II - NEGLIGENT FAILURE TO WARN

27. NCL adopts and re-alleges its responses to Paragraph 1 through 16 as if fully set forth herein.

28. Denied as an incomplete statement of law.

29. Denied.

30. NCL denies that a dangerous condition existed and that it had any knowledge of the condition Plaintiff alleges.

31. Denied as phrased.

32. NCL denies that a dangerous condition existed and that it had any knowledge of the condition Plaintiff alleges. To the extent any condition existed at the time of the alleged

incident, it was open and obvious to any person exercising reasonable care under the circumstances.

33. Denied.

34. NCL denies that a dangerous condition existed and that it had any knowledge of the condition Plaintiff alleges.

35. Denied, including subparagraphs a) through d).

36. Denied.

NCL denies that Plaintiff is entitled to any damages and demands strict proof thereof.

### COUNT III- NEGLIGENT MAINTENANCE

37. NCL adopts and re-alleges its responses to Paragraphs 1 through 16 as if fully set forth herein.

38. Without knowledge and therefore denied.

39. Denied as an incomplete statement of the law.

40. Denied.

41. Denied, including subparagraphs a) through f).

42. Denied as phrased.

43. Denied.

NCL denies that Plaintiff is entitled to any damages and demands strict proof thereof.

### COUNT IV- NEGLIGENT FAILURE TO WARN

44. NCL adopts and re-alleges its responses to Paragraphs 1 through 16 as if fully set forth herein.

45. Without knowledge and therefore denied.

46. Denied as an incomplete statement of law.

47. Denied.

48. NCL denies that a dangerous condition existed and that it had any knowledge of the condition Plaintiff alleges.

49. Denied.

50. NCL denies that a dangerous condition existed and that it had any knowledge of the condition Plaintiff alleges. To the extent any condition existed at the time of the alleged incident, it was open and obvious to any person exercising reasonable care under the circumstances.

51. Denied, including subparagraphs a) through d).

52. Denied as phrased.

53. Denied.

NCL denies that Plaintiff is entitled to any damages and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. Plaintiff's own negligence was the sole proximate cause of their injuries and damages and, accordingly, Plaintiff's claim is barred as a matter of law.

2. Plaintiff's own negligence contributed to the subject accident and their injuries and damages and, accordingly, any award to Plaintiff, if any, must be reduced in proportion to their own comparative negligence.

3. Plaintiff's claims are barred inasmuch as Plaintiff knew of the existence of any danger alleged in the Complaint, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed themself to the danger.

4. Plaintiff's claims are barred because there was no unreasonably dangerous or hazardous condition that caused their alleged injuries.

5. To the extent the alleged unreasonably dangerous condition existed, NCL did not create it.

6. To the extent the alleged unreasonably dangerous condition existed, NCL had no actual or constructive notice or knowledge of its existence.

7. The allegedly dangerous condition was apparent, open and obvious and should have been observed by Plaintiff in the ordinary course of their senses, barring any recovery by Plaintiff.

8. The incident and injuries alleged by Plaintiff, if any, were the result of superseding, intervening, and/or unforeseeable causes from which NCL had no duty to protect Plaintiff.

9. NCL fully discharged its duty to Plaintiff by warning them of any dangers and/or unique conditions of the vessel.

10. Plaintiff's injuries and damages, if any, were caused solely by the conduct of third persons not subject to the control, direction or supervision of NCL and for which NCL cannot be held liable.

11. Plaintiff's claimed past medical damages are inflated and should be limited to those that are reasonable and necessary based on all relevant evidence, including amounts billed, amounts paid, and any expert testimony or other relevant evidence pertaining to past medical damages.

12. This action is governed by and subject to the terms, limitations, and conditions contained within the contract for passage, and NCL adopts and incorporates same in its entirety to its Answer by reference.

13. The alleged incident and injury may not have been fully disclosed, and therefore NCL reserves the right to amend or supplement these Affirmative Defenses with additional information if and when such information is discovered.

**WHEREFORE** the Defendant, NCL (Bahamas) Ltd., having fully answered Plaintiff's Complaint and having raised affirmative defenses, demands judgment in its favor, and such other relief as this Court deems appropriate.

Respectfully submitted,

**NORWEGIAN CRUISE LINE**
Attorneys for Defendant
7665 Corporate Center Drive
Miami, Florida 33126
Telephone:   (305) 436-4653
Facsimile:   (305) 468-2132

By: */s/ Todd L. Sussman*
   **Todd L. Sussman, Esq.**
   Florida Bar No. 0084729
   tsussman@nclcorp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of November 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Todd L. Sussman*
   **Todd L. Sussman, Esq.**

**SERVICE LIST**

*James Joseph Brown vs. NCL (Bahamas) Ltd.*
Case No.: 25-cv-25002-FAM
United States District Court for the Southern District of Florida

| | |
|---|---|
| Todd L. Sussman, Esq.<br>NORWEGIAN CRUISE LINE<br>7665 Corporate Center Drive<br>Miami, FL  33126<br>Telephone:     (305) 436-4653<br>Facsimile:      (305) 468-2132<br>tsussman@nclcorp.com<br>jjara@nclcorp.com<br>*Attorneys for Defendant* | Philip M. Gerson, Esq.<br>Nicholas I. Gerson, Esq.<br>Edwards. Schwartz, Esq.<br>David L. Markel, Esq.<br>GERSON & SCHWARTZ, P.A.<br>1980 Coral Way<br>Miami, Florida 33145<br>Telephone: (305) 371-6000<br>Facsimile: (305) 371-5749<br>pgerson@gslawusa.com<br>ngerson@gslawusa.com<br>eschwartz@gslawusa.com<br>dmarkel@gslawusa.com<br>*Attorneys for Plaintiff* |